## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

RODNARD MINCEY,

       Petitioner,

v.                                   CASE NO:  8:06-CV-264-T-30TBM

WALTER A. MCNEIL,[1]

       Respondent.

_____/

## ORDER

     Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. 1).  Petitioner is challenging his 2001 convictions entered by the Sixth Judicial Circuit Court, Pinellas County, Florida.  The Court has considered the petition, Respondent's response (Dkt. 10) and Petitioner's reply (Dkt. 14).  Upon review, the Court determines that the petition must be denied because it fails to merit habeas relief under 28 U.S.C. §2254(d) and (e).

## BACKGROUND

     After a jury trial, Petitioner was adjudicated guilty of the following charges on May 16, 2000: two counts of aggravated assault on a law enforcement officer, possession of cocaine with intent to sell,  possession of marijuana, fleeing and eluding, and obstructing or

---

[1]

Walter A. McNeil, the Secretary of the Florida Department of Corrections, is substituted as the proper party respondent for James McDonough, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

opposing an officer without violence (Dkt.13, Ex. 27).  He received a sentence of 30 years in prison for the first two counts as an habitual violent felony offender (HVFO) under Fla. Stat. 775.084 with a 15-year mandatory minimum as a prison releasee reoffender (PRR) pursuant to Fla. Stat. 775.082.[2]  The court also sentenced him to five years for the third count and time served for the remaining counts, all sentences to be served concurrently.  *Id.*  Petitioner then filed a direct appeal on the grounds the trial court erred by denying a motion for acquittal for the charges of aggravated assault because the State had not proved he intended to do violence.  The state appellate court affirmed the trial court's decision on August 9, 2002, without a written opinion (Dkt. 13, Ex. 4).  The Petitioner did not seek certiorari review in the Supreme Court.

On January 28, 2003, Petitioner filed a *pro se* motion to correct an illegal sentence pursuant to Fla. R. Crim. P. 3.800(a), contending that his concurrent HVFO and PRR sentence was illegal by the express wording of Fla. Stat. 775.082(8)(c) (Dkt. 13, Ex. 6).  The trial court granted the Petitioner's motion and struck his designation as an HVFO on February 11, 2003 (Dkt. 13, Ex. 7).

Petitioner filed a second Rule 3.800(a) motion on May 7, 2003, claiming that his sentence was greater than the maximum sentence under the PRR statute (Dkt. 13, Ex. 8).

---

[2]

The Court takes judicial notice of information available at the Florida Department of Corrections Information Network, http://www.dc.state.fl.us/, viewed July 3, 2008.  *See* Fed. R. Evid. 201.  Following his conviction in Pinellas County, Florida, Petitioner was sentenced to a 15-year term of imprisonment.  Petitioner was placed in the custody of the Florida Department of Corrections on December 11, 1990, where he remained until his release on August 1, 1997.  The offenses of conviction that are the subject of the instant petition occurred on August 12, 1998.

The trial court agreed that the Petitioner's sentence was greater than allowed by the PRR statute, but reinstated his HVFO designation on May 15, 2003 (Dkt. 13, Ex. 9).  The court found that the Petitioner's initial sentence as a PRR and HVFO was correct because the PRR statute provides that one qualifying for a greater sentence under another statute could be sentenced under the terms of both statutes.  *Id.*  Petitioner appealed this decision, and the appellate court affirmed the decision of the trial court on March 19, 2004[3] (Dkt. 13, Ex. 15).

On June 9, 2004, Petitioner filed a Rule 3.800(a) motion in which he claimed the reimposition of his original sentence was vindictive (Dkt. 13, Ex. 18).  The trial court denied the motion on July 15, 2004, explaining that such a claim is not properly raised in a Rule 3.800(a) motion (Dkt. 13, Ex. 19).  The appellate court affirmed the trial court's decision without written decision on October 1, 2004 (Dkt. 13, Ex. 23).

The Petitioner filed another Rule 3.800(a) motion on April 6, 2005, contending that his sentence was excessive punishment which violated his Fifth, Sixth, and Fourteenth Amendment rights (Dkt. 13, Ex. 26).  The trial court denied the motion on May 3, 2005 (Dkt. 13, Ex. 27).  Petitioner's motion for a rehearing by the trial court was denied on May 18, 2005 (Dkt. 13, Ex. 29).  The decision was affirmed *per curiam* without written opinion on December 9, 2005 (Dkt. 13, Ex. 32).  The appellate court denied Petitioner's motion for a rehearing on January 9, 2006 (Dkt. 13, Ex. 35).

---

[3]

Though it is not in the record, Petitioner says he filed a Rule 3.800(a) motion claiming that his sentences were not running concurrently on January 23, 2004, which the trial court granted on March 4, 2004 (Dkt. 13, Ex. 26).

On January 20, 2006, Petitioner applied for state habeas relief seeking leave to file a belated appeal (Dkt. 13, Ex. 36). Petitioner's request was denied by the state court on February 2, 2006 (Dkt. 13, Ex. 37).

Petitioner filed the instant federal habeas petition on February 15, 2006, raising the following four grounds for relief:

1. His Sixth and Fourteenth Amendment rights were violated because he was not present and represented by counsel when his sentence was corrected.

2. His right to due process was violated because he did not have notice of his re-designation as an HVFO.

3. His right to due process was violated because he had an expectation of finality of sentence and the state court did not have jurisdiction to reinstate his sentence.

4. The reinstatement of his sentence was barred by the Fifth Amendment protection against double jeopardy.

## STANDARD OF REVIEW

Because Petitioner's conviction was entered after the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), his petition is subject to the provisions thereof. When a federal court is asked to review a criminal conviction from state court, 28 U.S.C. §2254 places a heavy burden upon the petitioner. Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim resulted in a decision that:

(1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or

(2)      was based on an unreasonable determination of the facts in light of the
         evidence presented in the state court proceeding.

28 U.S.C. §2254(d); *Williams v. Taylor*, 529 U.S. 362, 362 (2000).

In *Williams v. Taylor*, the Supreme Court held:

Under the "contrary to" clause, a federal court may grant the writ if the state
court arrives at a conclusion opposite to that reached by this Court on a
question of law or if the state court decides a case differently than this Court
has on a set of materially indistinguishable facts.  Under the "unreasonable
application" clause, a federal habeas court may grant the writ if the state court
identifies the correct governing legal principle from this Court's decisions but
unreasonably applies that principle to the facts of the prisoner's case.

*Id.*  Additionally, federal habeas relief is available under the "unreasonable application"
standard only if the state court's application of clearly established federal law was
"objectively unreasonable."  *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001).

In a proceeding under the second standard (an unreasonable determination of the
facts), a state court's determinations of fact shall be "presumed to be correct," and the habeas
petitioner "shall have the burden of rebutting the presumption of correctness by clear and
convincing evidence."  28 U.S.C. §2254(e)(1).  This statutory presumption of correctness
applies only to findings of fact made by the state court, not to mixed determinations of law
and fact.  *McBride v. Sharpe*, 25 F.3d 962, 971 (11th Cir. 1994).

## DISCUSSION

This Court has reviewed the state courts' decisions and determines that they are not
contrary to or based on an unreasonable application of clearly established federal law to the
facts of the case.  *See* 28 U.S.C. §2254(d); *Williams*, 529 U.S. at 362.  Thus, the petition fails

to merit habeas relief.

First, Petitioner claims that his rights under the Sixth and Fourteenth Amendments were violated because he was not present and not represented by counsel when his sentence was corrected on May 15, 2003 (Dkt. 1). Petitioner's second ground for relief is that his right to due process was infringed because he did not receive notice before the court reinstated his designation as an HVFO. *Id.* The Petitioner raised both of these issues in his Rule 3.800(a) motion on April 5, 2005 (Dkt. 13, Ex. 26). Denying the claims, the trial court found that these claims should have been brought upon direct appeal (Dkt. 13, 26). The decision was affirmed by the state appellate court without written opinion[4] (Dkt. 13, Ex. 32). Federal habeas review of a claim procedurally defaulted "pursuant to an adequate and independent state procedural rule" is barred unless a petitioner demonstrates cause and prejudice or a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 724 (1991). Petitioner has made no showing that his claims fit one of these exceptions. Thus, grounds one and two do not merit habeas review because they are procedurally barred.

Further, these grounds would not merit habeas relief even if Petitioner had properly raised and exhausted these claims in state court. First, Petitioner's contention that he had a right to be present and represented by counsel in order for the court to reverse an erroneous change to his original sentence is unsupported by any Eleventh Circuit decision and is

---

[4]

The Eleventh Circuit has held that even decisions without written opinion are entitled to the same deference as if the appellate court had entered written findings to support its decision. *Wright v. Sec. of Dept. of Corr.*, 278 F.3d 1245 (11th Cir. 2002).

contrary to the reasoning of other circuits.  *See United States v. Parker*, 101 F.3d 527, 528

(7th Cir. 1996) (finding that a defendant has no right to be present when a case is remanded

"merely for a nondiscretionary correction of the original sentence" instead of a new

sentencing hearing); *United States v. Rush*, 1992 WL 138620, at *3 (10th Cir.) (holding that

defendant had no right to be present or have an attorney present when the court issued an

order clarifying his original sentence); *United States v. De Los Santos-Himitola*, 924 F.2d

380, 383 (1st Cir. 1991) (finding that the defendants' presence was not necessary when

original sentence was reimposed to correct a mistaken change to that sentence that never took

practical effect).  Petitioner's sentence is exactly the same as he received at his original

sentencing hearing when he was afforded his right to be present and be represented by an

attorney.

Secondly, petitioner's right to due process was not violated by the reinstatement of his

designation as an HVFO because he was notified and given a chance to contest that

designation at his original sentencing.  In *Oyler v. Boles*, the Supreme Court stated that "a

defendant must receive reasonable notice and an opportunity to be heard relative to the

recidivist charge."  368 U.S. 448, 452 (1962).  However, here the circumstances are

distinguishable from *Oyler* because the Petitioner is not arguing that he was not given notice

at the time his HVFO designation was originally imposed.  The court was only restoring his

original sentence and designation as an HVFO, which was imposed with the full protection

of due process.  Because it was a mere formality, absence of reiterated notice and opportunity

to contest the same sentence is not a violation of Petitioner's right to due process.  *Cf. De Los*

*Santos-Himitola*, 924 F.2d at 383.

The third ground for relief raised by the Petitioner is a claim that he had an expectation of finality of sentence and the state court reinstated his original sentence without subject matter jurisdiction, which violated his right to due process (Dkt. 1).  Petitioner brought this issue in his Rule 3.800(a) motion filed on April 6, 2005 (Dkt. 13, Ex. 26).  The trial court, finding the sentence legal, noted that any constitutional objections should have been raised in the appeal of the order that restored the sentence (Dkt. 13, Ex. 27).  The determination of the state court on this issue is not appropriate for federal habeas review because "a federal court is limited to determining whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).  Compliance with state sentencing procedure is a matter for state courts and is not appropriate for habeas review by a federal court. *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ([W]e consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures.).  The limited scope of habeas review is not changed simply because a state issue is "couched in terms of equal protection and due process." *Id.* (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1198 (5th Cir. 1976)). Further, the constitutional issue is procedurally barred because it was not brought upon direct appeal, and thus, cannot be reviewed by this Court. *See Coleman*, 501 U.S. at 724.

Petitioner's fourth claim is that the reinstatement of his sentence was a breach of the Fifth Amendment bar against double jeopardy (Dkt. 1).  In *Missouri v. Hunter*, the Supreme Court found that double jeopardy is not violated when a defendant is sentenced under two statutes that the legislature intended to impose cumulative punishment. 459 U.S. 359, 368-69 (1983).  The Court noted that the bar against double jeopardy simply affords protection against a harsher sentence than the legislature intended.  *Id.*  Here, the legislative intent to allow courts to sentence eligible defendants as both HVFO and PRR is clear.  *See Grant v. State*, 770 So.2d 655, 658 (Fla. 2000) (holding that a sentence with a mandatory minimum under the PRR statute and longer concurrent sentence under the HVFO statute does not violate double jeopardy).  Thus, Petitioner's original sentence is not constitutionally barred.

Additionally, the reinstatement of Petitioner's sentence does not implicate his double jeopardy rights because his Rule 3.800(a) motion forfeited his expectation of finality of sentence.  Legitimacy of a defendant's expectation that his sentence is final is the central concern regarding double jeopardy rights when a defendant is resentenced.  *United States v. Cochran*, 883 F.2d 1012, 1016 (11th Cir. 1989) (citing *United States v. DiFrancesco*, 449 U.S. 117, 139 (1980)).  The reimposition of Petitioner's original sentence was a direct result of the Rule 3.800(a) motion that he filed on May 7, 2003.  Because the Petitioner requested that the court correct his sentence, he had no reason to expect the sentence was final, and his double jeopardy claim is thus without merit.  *See Cochran*, 883 F.2d at 1017 (holding that a defendant's resentencing was not a violation of double jeopardy when he requested that his sentence be vacated as illegal).

## <u>CONCLUSION</u>

For the reasons set forth above, all of Petitioner's claims are without merit and will therefore be denied.

It is therefore ORDERED AND ADJUDGED that:

1.      The petition for writ of habeas corpus (Dkt. 1) is DENIED.

2.      The Clerk is directed to enter judgment in favor of Respondent and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on July 7, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies Furnished To</u>:
Counsel/Parties of Record

F:\Docs\2006\06-cv-264.deny 2254.frm